IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TOM MCGOVERN,<br><br>Plaintiff,<br><br>vs.<br><br>TOM WOODS, SHERIE BILODEAU, CONNIE WINNER, DAVID PENTLAND, and JOHN AND JANE DOES #1-20,<br><br>Defendants. | CV 16-00089-H-DLC-JTJ<br><br><br>ORDER |

Plaintiff Tom McGovern filed a Complaint under 42 U.S.C. § 1983 alleging negligence, cruel and unusual punishment in violation of the Eighth Amendment, violations of the Fourteenth Amendment equal protection clause, retaliation, and violations of due process. Dismissal of Mr. McGovern's claims against Defendants Woods, Bilodeau, and Winner is not appropriate at this time. The Court will require these Defendants to make an appearance on Counts one, two, three, and four. Count five and Defendant Pentland should be dismissed.

**I. STATEMENT OF THE CASE**

    **A.    Parties**

Mr. McGovern is a state prisoner proceeding without counsel. He is proceeding in forma pauperis. Mr. McGovern is currently incarcerated at the Butte

1

Prerelease Center. All claims alleged in his Complaint arose while he was incarcerated at Montana State Prison ("MSP").

Mr. McGovern names the following Defendants: Tom Woods, Sherie Bilodeau, Connie Winner, David Pentland, and John and Jane Does #1-20. (Complaint, Doc. 2 at 5.)

**B. Allegations**

Counts one, two, and three of the Complaint allege that Defendants were negligent, violated the Eighth Amendment, and violated the equal protection clause when they failed to provide Mr. McGovern with the proper supplies to assist him with his urinary incontinence issues–primarily bed liners and proper diapers. He contends that on March 25, 2014, he was seen by a John Doe provider and issued pull-up style protective underwear. He informed John Doe that the product was not adequate to deal with the bladder issues he experienced at night. John Doe informed him that the products he was given were all that were available at MSP. Mr. McGovern also requested bed liners which were denied until July 2014. Although he was given permission to change his bed linens three times a week, unit staff frequently did not allow him to do so leaving him in unsanitary conditions for days and sometimes weeks at a time. (Complaint, Doc. 2-1 at 2.)

The Special Needs Committee attempted to address the problem by issuing

Mr. McGovern female hygiene pads in June 2014 stating they only had one type of "depend." Between October and December 2014 he was told that medical staff had issued the same products he was requesting to other inmates. Mr. McGovern filed a grievance on this issue which was addressed by Connie Winner on October 3, 2014. He was told that the products he used in the past were no longer supplied to MSP but they were looking into the availability of other products. On December 18, 2014, Mr. McGovern was given the choice of two products, one of which was the brand he had been seeking for nine months. Mr. McGovern names John and Jane Doe defendants and Connie Winner with regard to these claims.

In Counts four and five of the Complaint, Mr. McGovern raises claims of retaliation and denial of due process relating to disciplinary write-ups he received. Mr. McGovern alleges he is a practicing Wiccan, and in 2013 he filed a civil suit in this Court against MSP employees for violations of religious freedoms. In 2014, a settlement was reached and changes were made to the religious policy which went into effect on October 1, 2014. In January 2015, Mr. McGovern attempted to attend an Odinist service. RAC specialist Sherie Bilodeau sat in on the group and asked Mr. McGovern why he was crossing over. Mr. McGovern left the group and returned to the Wiccan section. Ms. Bilodeau told Mr. McGovern that he could stay for the rest of the service but he told her it was not what he expected and he

did not want to disrupt the service any further. Later that week he received a disciplinary infraction report for "participating in an unauthorized meeting" and "disobeying a direct order." He was found guilty and his appeal which was reviewed by Defendant Woods (a defendant in his 2013 case) was denied.

Mr. McGovern was written up again in February 2016 on another matter and found guilty. Defendant Woods also reviewed that matter on appeal and upheld the decision. As a result of these write ups, Mr. McGovern received a higher custody level on his classification, lost clear conduct, and it affected him at his parole hearing in March 2016. He alleges Defendant Bilodeau acted in direct retaliation for writing him up and Defendant Woods retaliated against him by upholding the write-ups.

He also alleges that during his hearings on these write-ups, DHO Pentland refused to allow him to review the evidence, he was not able to present witnesses, and was called a liar. He names Defendants Pentland and Woods with regard to his due process claims.

## II. INITIAL SCREENING

Mr. McGovern is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis or

by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint is malicious if not pleaded in good faith.  *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).  Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2).  In order to satisfy the requirements in Rule 8 a complaint's allegations must cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

There is a two-step procedure to determine whether a complaint's allegations

cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se*

6

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## III. ANALYSIS

The Court has construed the following federal claims from Mr. McGovern's Complaint: (1) Eighth Amendment conditions of confinement/denial of medical care; (2) denial of equal protection; (3) retaliation; and (4) denial of due process. Mr. McGovern also raises state law claims under the Montana Constitution and a negligence claim.

### a. Denial of Adequate Diapers

The Court construes Mr. McGovern's claims regarding a lack of adequate diapers for nine months to sufficiently state a negligence claim and claims under the Eighth Amendment of the United States Constitution and the Equal Protection Clause. Defendant Connie Winner will be required to file a responsive pleading to Counts one, two and three of the Complaint. The other defendants named in these counts, however, are "John Doe" defendants. The Federal Rules of Civil Procedure include no provision "permitting the use of fictitious defendants." *McMillan v. Department of Interior*, 907 F.Supp. 322, 328 (D.Nev. 1995), aff'd, 87 F.3d 1320 (9th Cir. 1996); *see also Fifty Associates v. Prudential Ins. Co.*, 446

F.2d 1187, 1191 (9th Cir. 1970). "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Nonetheless, a plaintiff must be afforded an opportunity to identify the unknown defendants through discovery, unless it is clear that discovery will not reveal their identities or the complaint must be dismissed for other reasons. *Id.* "While Doe pleading is disfavored, it is not prohibited in federal practice." *Lopes v. Vieira*, 543 F.Supp.2d 1149, 1152 (E.D.Ca.2008).

When a plaintiff is not able to specifically name one or more defendants when he files his complaint, he must provide sufficient information to enable the court and his opponents to know who he is trying to identify. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 390 n. 2 (1971); *Wakefield v. Thompson*, 177 F.3d 1160, 1162 n. 4 (9th Cir. 1999).

Mr. McGovern has not provided sufficient information to enable the court or Defendants to know who he is trying to identify. As such, the John Doe defendants are subject to dismissal. This matter will be served on Defendant Winner and Mr. McGovern will be given an opportunity to conduct discovery. Should he determine the identities of the John Doe defendants he may file an amended complaint.

## B. Retaliation

Liberally construed, Mr. McGovern has stated a retaliation claim against Defendants Bilodeau and Woods. These Defendants will be required to file a responsive pleading to Count four.

## C. Due Process

Mr. McGovern's allegations regarding his disciplinary write-ups and hearings can be liberally construed as a Fourteenth Amendment due process claim. The Due Process Clause protects prisoners against deprivation or restraint of "a protected liberty interest" and "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (internal quotation marks omitted). Although the level of the hardship must be determined on a case-by-case determination, courts look to:

> (1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; (2) the duration of the condition, and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Id.* at 861 (quoting *Sandin*, 515 U.S. at 486-87). "If the hardship is sufficiently significant, then the Court must determine whether the procedures used to deprive

that liberty satisfied Due Process." *Id.* at 860.

Mr. McGovern's allegations fail to state a due process claim regarding his disciplinary write-ups. He does not describe his conditions of confinement before or after his disciplinary write-ups and he does not explain what discipline he received. *Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87). His Complaint contains no "factual content that allows the court to draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that Defendants' actions "present[ed] a dramatic departure from the basic conditions of [Mr. McGovern's] indeterminate sentence," or caused him to suffer an "atypical" or "significant hardship." *Sandin*, 515 U.S. at 484-85; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). Although he alleges he was classified to a higher custody level, he does not explain how this higher custody level presented a departure from the basic conditions of his sentence or caused him to suffer an atypical or significant hardship.

Mr. McGovern also alleges that Defendants Woods and Pentland's denial of due process created a liberty interest with the parole board who had initially denied him parole before deciding on another option upon acquiring six months of clear conduct, which he would have had if not for Defendants' violation of his due process rights. (Complaint, Doc. 2-1 at 15.) To the extent Mr. McGovern is

requesting damages based on an allegedly invalid disciplinary conviction that affected the length of his confinement, he cannot do so in this action. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). State prisoners may not challenge the fact or duration of their confinement in a section 1983 action; their remedy lies in habeas corpus instead. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the "favorable termination rule" or the "Heck bar," this limitation applies whenever state prisoners "seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 81.

Accordingly, "a state prisoner's § 1983 action is barred (absent prior invalidation—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82.

Where "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v.*

*Close*, 540 U.S. 749, 751 (2004) (*citing Heck*, 512 U.S. 477).

Mr. McGovern's due process allegations fail to state a claim for relief and will be recommended for dismissal.

## IV. CONCLUSION

The Court has considered whether Mr. McGovern's Complaint is frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). The Court concludes dismissal of Mr. McGovern's claims against Defendants Woods, Bilodeau and Winner is not appropriate at this time. The Court will require these Defendants to make an appearance on Counts one, two, three, and four.

The Court recommends the dismissal of Count five and Defendant Pentland.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Defendants Woods, Bilodeau, and Winner must respond to Counts 1-4 of the Complaint.[1] Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Reich, Hess, and Napier to waive service of summons of Mr. McGovern's Complaint (Doc. 2) by executing, or having counsel execute, the Waiver of Service

---

[1] Defendants are not required to respond to Count 5 of Mr. McGovern's Complaint which is recommended for dismissal. Defendant Pentland and the John Does are not required to file a responsive pleading.

of Summons. The Waivers must be returned to the Court within **thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing**. If Defendants Woods, Bilodeau, and Winner choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within **60 days of the entry date of this Order as reflected on the Notice of Electronic Filing**, pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).

2. The Clerk of Court shall e-mail the following documents to Legal Counsel for the Montana Department of Corrections:

* Complaint (Doc. 2);
* this Order;
* a Notice of Lawsuit & Request to Waive Service of Summons; and
* a Waiver of Service of Summons.

Counsel for the Montana Department of Corrections will not be served with a hard copy of these documents.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in

letter form.

4. Mr. McGovern <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

5. Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

6. At all times during the pendency of this action, Mr. McGovern must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

Count Five of the Complaint and Defendant Pentland should be DISMISSED WITH PREJUDICE.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. McGovern may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

to timely file written objections may bar a de novo determination by the district judge or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 1st day of June 2017.

/s/ John Johnston
John Johnston
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TOM MCGOVERN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>TOM WOODS, SHERIE BILODEAU, CONNIE WINNER, DAVID PENTLAND, and JOHN AND JANE DOES #1-20,<br><br>　　　　Defendants. | CV 16-00089-H-DLC-JTJ<br><br>Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |

TO: Legal Counsel for the Montana
　　　Department of Corrections
　　　P.O. Box 201301
　　　Helena, MT 59620-1301

　　A lawsuit has been filed against individuals you may represent in this Court under the number shown above. A copy of the Complaint (Doc. 2) is attached.

　　This is not a summons or an official notice from the court. It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

1

If you file the signed waiver, the action will then proceed as if Defendants Woods, Bilodeau, and Winner were served on the date the waiver is filed, but no summons will be served on Defendants Woods, Bilodeau, and Winner and these Defendants will have 60 days from the date this notice is sent (see the date below) to answer the Complaint (Doc. 2).

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshals Service to serve the summons and Complaint (Doc. 2) on Defendants Woods, Bilodeau, and Winner and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 1st day of June 2017.

      /s/ John Johnston
John Johnston
United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**
Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.
"Good cause" does not include a belief that the lawsuit is groundless, or that

it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TOM MCGOVERN,<br><br>  Plaintiff,<br><br>vs.<br><br>TOM WOODS, SHERIE BILODEAU, CONNIE WINNER, DAVID PENTLAND, and JOHN AND JANE DOES #1-20,<br><br>  Defendants. | CV 16-00089-H-DLC-JTJ<br><br>Rule 4 Waiver of Service of Summons |

TO:  The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case. Defendants also received a copy of the Complaint (Doc. 2). I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

The above-named Defendants understand that they will keep all defenses or

1

objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

      Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)